UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

GINA LIND,
on behalf of herself and
all others similarly-situated

      Plaintiff,

v.

ALLEGIS CORPORATION
8001 Central Avenue NE
Minneapolis, Minnesota 55432

      Defendant

Case No.: 19-cv-1657

**COLLETIVE ACTION PURSUANT TO 29 U.S.C. §216(b)**

**JURY TRIAL DEMANDED**

---

### COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), by Plaintiff, Gina Lind, on behalf of herself and all other similarly-situated current and former Customer Service Representative, Inside Sales, and Warehouse employees of Defendant, Allegis Corporation, for purposes of obtaining relief under the FLSA for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant, Allegis Corporation, is an access hardware company headquartered in Minneapolis, Minnesota.

3. Defendant operated (and continues to operate) an unlawful compensation system that deprived current and former Customer Service Representative, Inside Sales, and Warehouse employees of their wages earned for all compensable work performed each workweek, including at

an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek in violation of the FLSA, by improperly classifying said employees as "exempt" for compensation purposes under the FLSA. In reality, Plaintiff and all other current and former Customer Service Representative, Inside Sales, and Warehouse were "non-exempt" employees for under the FLSA and legally entitled to an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

4. Defendant's deliberate failure to compensate its Customer Service Representative, Inside Sales, and Warehouse employees for hours worked and work performed at the proper and legal rate(s) of pay violated federal law as set forth in the FLSA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

7. Plaintiff, Gina Lind, is an adult female resident of the State of Wisconsin residing at 3680 Crestview Circle, Brookfield, Wisconsin 53005.

8. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

9. Defendant is an access hardware company headquartered in Minneapolis, Minnesota with a principal office address of 8001 Central Avenue NE, Minneapolis, Minnesota 55432.

10. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

11. For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

12. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant owned, operated, and managed multiple physical locations across multiple States, including in the State of Wisconsin.

13. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff worked as a Customer Service Representative employee at Defendant's physical location in the State of Wisconsin, located at N49 W22900 Commerce Centre Drive, Pewaukee, Wisconsin 53072.

14. Plaintiff brings this action on behalf of herself and all other similarly-situated current and former Customer Service Representative, Inside Sales, and Warehouse employees who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former Customer Service Representative, Inside Sales, and Warehouse employees who work at, worked at, and/or were employed by Defendant, and Plaintiff and all other current and former Customer Service Representative, Inside Sales, and Warehouse employees were subject to Defendant's same unlawful policies as enumerated herein.

15. Plaintiff and all other current and former Customer Service Representative, Inside Sales, and Warehouse employees on whose behalf Plaintiff brings this Complaint performed compensable work in the same or similarly-titled positions at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge.

16. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant supervised Plaintiff's day-to-day activities and the day-to-day activities of all other Customer Service Representative, Inside Sales, and Warehouse employees.

17. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant hired, terminated, promoted, demoted, and suspended Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees.

18. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other Customer Service Representative, Inside Sales, and Warehouse employees.

19. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees abided in the workplace.

20. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant controlled the terms and conditions of Plaintiff's employment and the employment of all other Customer Service Representative, Inside Sales, and Warehouse employees.

21. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant established Plaintiff's work schedule and the work schedules of all other Customer Service Representative, Inside Sales, and Warehouse employees.

22. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant provided Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees with work assignments and hours of work.

23. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff's hours of work and the hours of work of all other Customer Service Representative, Inside Sales, and Warehouse employees were tracked and recorded by Defendant.

24. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant established and determined Plaintiff's compensation and the compensation of all other Customer Service Representative, Inside Sales, and Warehouse employees.

## **GENERAL ALLEGATIONS**

25. In approximately February 2017, Defendant hired Plaintiff as a Customer Service Representative employee via a temporary staffing agency.

26. In approximately July 2017, Defendant hired Plaintiff directly in the position of Customer Service Representative.

27. On or about September 23, 2019, Plaintiff's employment with Defendant ended.

28. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees worked in excess of forty (40) hours per workweek.

29. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), and upon information and belief, Defendant did not have an established workweek for FLSA purposes.

30. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant compensated Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees on approximately a bi-monthly basis.

31. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees primarily performed "non-exempt" job duties under the FLSA. Despite this, during the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant's compensation classification of Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees was "exempt" for purposes of the FLSA.

32. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff's and all other Customer Service Representative, Inside Sales, and Warehouse employees performed their job duties at the direction of Defendant: they were given specific instructions as to how to perform their job duties and/or they performed their job duties within the prescribed procedures and/or limits established by Defendant.

33. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other Customer Service Representative, Inside Sales, and

Warehouse employees did not customarily and regularly direct the work of at least two of Defendant's employees.

34. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), no employees of Defendant reported directly to Plaintiff or any other Customer Service Representative, Inside Sales, and Warehouse employees.

35. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees did not have the authority or ability to hire, terminate, suspend, demote, or promote Defendant's employees or to establish the terms and conditions of employment of Defendant's employees.

36. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees did not customarily and regularly exercise discretion or independent judgment in the performance of their job duties.

37. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees did not, in the performance of their job duties, compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after considering various possibilities.

38. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees did not, in the performance of their job duties, have authority to make an

independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

39. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff's and all other Customer Service Representative, Inside Sales, and Warehouse employees' job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

40. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff's and all other Customer Service Representative, Inside Sales, and Warehouse employees' job duties did not require them to perform specialized or technical work and did not require them to have special training, experience, and/or knowledge.

41. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff's and all other Customer Service Representative employees' primary job duty was communicating with Defendant's customers and/or vendors in an office setting.

42. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), the primary job duty of all Inside Sales employees was to make sales in an office setting within the prescribed procedures and/or limits established by Defendant.

43. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant compensated its Inside Sales with performance-based commission payments, in addition to their weekly salaries.

44. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant did not compensate its Inside Sales employees with

commission-based payments that exceeded at least half of her total earnings in a representative period.

46. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant did not establish a "representative period," as that phrase is used in the FLSA, relating to its Inside Sales employees' commissioned-based payments prior their performance of the work.

46. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), the primary job duty of all Warehouse employees was to perform manual labor.

47. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees were not highly compensated or highly commissioned employees.

48. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

49. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant did not compensate Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees at an overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

50. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff's paychecks, and the paychecks of all other Customer Service Representative, Inside Sales, and Warehouse employees, did not properly or lawfully compensate

them for all hours worked and worked performed in a workweek, including at an overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

51. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant knew or should have known that Plaintiff and all other Customer Service Representative, Inside Sales, and Warehouse employees must be compensated for all hours worked (and for all hours Defendant suffered or permitted them to work) in a workweek in accordance with the FLSA, including at an overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

52. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Defendant had a statutory duty to comply with the FLSA and to remedy FLSA violations of which it was aware and/or of which it should have been aware.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

53. Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All Customer Service Representative, Inside Sales, and Warehouse employees employed by Defendant within the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), who have not been compensated at an overtime rate of pay for any and all hours worked in excess of forty (40) hours in a workweek.

54. Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

55. Defendant, as a matter of policy and practice, did not compensate Plaintiff and the FLSA Collective for all hours of compensable work performed during a workweek, which

resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

56. The Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), by Plaintiff on behalf of the FLSA Collective.

57. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

58. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's same or similar decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective.

59. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate the FLSA Collective for all hours worked, including with overtime compensation.

60. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

61. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## CLAIM FOR RELIEF
## Violations of the FLSA – Unpaid Overtime
### (Plaintiff on behalf of herself and the FLSA Collective)

62. Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

63. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

64. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

65. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

66. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

67. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

68. Defendant suffered or permitted Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked. Specifically, Defendant failed to compensate Plaintiff and the FLSA Collective with overtime wages for hours worked in excess of forty (40) in a workweek.

69. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

70. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

71. Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

72. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

73. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

74. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former Customer Service Representative, Inside Sales, and Warehouse employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and applicable regulations and as willful as defined in the FLSA;

c) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Customer Service Representative, Inside Sales, and Warehouse employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Customer Service Representative, Inside Sales, and Warehouse employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them, including in an equal amount of the unlawful deductions;

e) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated Customer Service Representative, Inside Sales, and Warehouse employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

f) Provide Plaintiff and all other similarly-situated Customer Service Representative, Inside Sales, and Warehouse employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 12th day of November, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ ***Scott S. Luzi***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com